UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID DARR | CIVIL ACTION |
| VERSUS | NO.  05-0730 |
| MARINE ELECTRONICS SOLUTIONS, INC., ET AL. | SECTION  "N"  (5) |

and

| | |
|---|---|
| MARINE ELECTRONICS SOLUTIONS, INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 06-3415 |
| DAVID DARR | SECTION "N" (5) |

## <u>**ORDER AND REASONS**</u>

Before the Court is a "Motion for Rehearing on the Judgment Filed into the Record on

September 6, 2006"[1] filed herein by plaintiff David Darr in Civil Action No. 05-0730.[2]  Plaintiff

---

[1]The Judgment in Ca No. 05-730 was actually signed on August 30, 2006, and entered on August 31, 2006.

[2]According to plaintiff's counsel, plaintiffs Marine Electronic Solutions, Inc. and M.E.S. Installations, Inc., are nominal plaintiffs under the concept of the shareholder derivative action. *See* Transcript of May 17, 2006, p. 2, lines 18-21.

seeks a rehearing on this Court's Judgment denying the plaintiff's Motion for Summary Judgment

and granting the defendant's Motion for Summary Judgment as to certain state law claims which he

asserted.

Also before the Court, in Civil Action No. 06-3415,[3] is "Defendant[4] Darr's Motion for

Rehearing on the Granting of a Permanent Injunction," seeking reconsideration of this Court's

August 30, 2006 Judgment granting a permanent injunction against Darr from pursuing in state court

those claims which have been dismissed in this Court in the aforementioned action.  Thus, because

these two motions are so factually intertwined, they shall be discussed together herein.

In his Memorandum in Support of his Motion for Rehearing, Darr provides little argument

as to how this Court was incorrect as to facts or law applied in rendering the summary judgment,

except as to the purported claim arising out of the Florida state court marital settlement.  Rather,

plaintiff contends that, at the hearing of May 17, 2006, this Court properly dismissed plaintiff's

claims asserted under federal law, but either (1) erred in ruling on state law claims over which the

Court then had no jurisdiction, as it remanded three state law claims to state court, **or** (2) erred in

entering a judgment on the state law claims the Court ruled upon, instead of allowing those claims

to be reconsidered by the state court following this Court's ruling.

## LAW AND ANALYSIS

As the Federal Rules of Civil Procedure do not recognize a general motion for

---

[3]Under Docket No. 06-3415, defendants in No. 05-0730, now as plaintiffs, moved this Court to enjoin Darr, et al., from further litigating in state court those matters which had been determined in federal court.

[4]In fact, both motions are styled as having been filed on behalf of "Defendants," however, Darr, et al. are plaintiffs in CA No. 05-0730, and defendants in Ca No. 06-3415.

reconsideration, the Court treats Darr's motion as one brought under Rule 59(e), seeking alteration

or amendment of a judgment.  *See St. Paul Mercury Insurance Company v. Fair Grounds*

*Corporation,* 123 F.3d 336 (5th Cir. 1997); *Peterson v. CIGNA Group Insurance,* 2002 WL 1268404

(E.D. La. 2002).  The Fifth Circuit has recently stated, in *Templet v. HydroChem, Inc.,* 367 F.3d 473

(5th Cir. 2004), the following guidance regarding Rule 59(e) motions:

> [2][3]  A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002).  This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990).  Rather, Rule 59(e) "serves[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.,* 101 F.Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).
>
> In *Lavespere,* this Court recognized that while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless.  910 F.2d at 174.  This Court has identified two important judicial imperatives relating to such a motion:  1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts.  *Id.*  (citations omitted).  The task for the district court is to strike the proper balance between these competing interests.  *Id.*

*See also Bartucci v. Jackson,* 2006 WL 2631925 (E.D. La. 2006); *LaPapa v. National Railroad*

*Passenger Corporation,* 2005 WL 3533858 (E.D. La. 2005).[5]

---

[5]In *LaPapa,* the Court recited the following Fifth Circuit guidelines:

> In considering a Rule 59(e) motion, a court must attempt to strike a balance between two significant interests-finality and the need to render a just decision.  *Bohlin,*  6 F.3d at 355.  As noted by this Court in the case of *Flynn v. Terrebonne Parish School Board,* 348 F.Supp.2d 769, 771

Given this jurisprudential guidance, the Court finds no reason to alter or amend the judgments of which Darr complains.  In fact, the Court finds that, in the interest of rendering just decisions on the basis of all the facts and arguments presented to the Court, as well as the need to bring litigation to an end, the judgments entered are appropriate and proper.

**A.     Jurisdiction**

Darr first contends that this Court had no jurisdiction to enter its August 30, 2006 Judgment, which memorialized the rulings this Court made in Open Court on May 17, 2006, and in the subsequent Minute Entry placed in the record.  The Court has fully reviewed transcripts of the May 17, 2006 hearing, as well as the hearing held on August 16, 2006 in Docket No. 06-3415.  On both transcripts, the undersigned believes he was perfectly clear as to the following:  (1) the Court had jurisdiction over all federal and state law claims, all of which were the subject of defendants' Motion for Summary Judgment, and over which jurisdiction was not contested; and (2) based upon the Rule 56 submissions presented to the Court, the Court granted the Motion for Summary Judgment as to all of plaintiff's claims which (in the opinion of the undersigned) was warranted, and denied summary judgment relief on those claims which the Court believed unripe for summary judgment. In so ruling, the Court considered plaintiff's counsel's oral motion to remand made on May 17,

---

(E.D.La.2004), "courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion:  (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law."  The standards which apply to Rule 59(e) favor denial of a motion to alter or amend a judgment. *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

2006, in open court, and remanded the three remaining claims, which have been described as follows: (a) plaintiff's alleged right to review corporate records, (b) the alleged shareholder's derivative action, and (c) plaintiff's allegations of breach of fiduciary duty. Those were the only three claims remaining following this Court's ruling, and, given that these are quintessentially state law claims, this Court exercised its discretion to remand these remaining claims for further handling in state court.

Although plaintiff's counsel does not contest[6] that this Court indeed had jurisdiction over all federal and state law claims, he seems to now contend that, upon dismissal of the federal law claims via summary judgment, in light of his oral motion to remand made *during* the May 17, 2006 hearing, this Court lacked any further jurisdiction to rule on state law claims, despite the fact that the Court did not rule on plaintiff's oral motion to remand until the end of the hearing. Plaintiff seeks to somehow evade this Court's clear ruling, over which it most assuredly had jurisdiction to make, in order to breathe life into state law claims which this Court found to be without merit under Rule 56. Plaintiff's argument in this regard amounts to nothing more than jurisdictional "dodge ball."

Plaintiff further contends that, although the Court granted partial summary judgment in favor of defendants as to all state law claims except for the aforementioned three, the Court did not enter a Minute Entry into the record reflecting such rulings until June 2, 2006, and did not sign the appropriate Judgment until September 6, 2006 (actually August 30, 2006), wherein the granting of such motions became final and appealable. Thus, according to plaintiff's counsel, this Court somehow unwittingly remanded the *entirety* of the matter to state court, where he has sought review

_____

[6]See August 16, 2006 Transcript, p. 15, line 12 to p. 16, line 21.

and reconsideration of this Court's ruling before the state district court judge in the 24th Judicial

District Court in and for the Parish of Jefferson, State of Louisiana.  In other words, contrary to the

statements made by the undersigned on pp. 12-13 of the May 17, 2006 transcript, plaintiff

incorrectly argues that this Court did not remand only the three remaining claims, *it remanded the*

*entire record*, so that the adversary claims of plaintiff could begin anew before the state court judge,

despite this Court's ruling granting partial summary judgment.

Having reviewed both the May 17, 2006 and August 16, 2006 transcripts, it is difficult to

imagine how the Court's ruling can be interpreted in the nonsensical fashion plaintiff's counsel

suggests.  His argument is, quite simply, that although this Court had jurisdiction to rule on the

summary judgment, both with regard to federal and state law claims, it lost jurisdiction *to sign* a

Judgment accordingly when it granted the motion to remand from the bench at the end of the May

17, 2006 hearing on the Motion for Summary Judgment.  Thus, plaintiff's counsel believes that

because those state law claims for which this Court granted summary judgment have now slipped

through the jurisdictional fingers of this Court and have fallen onto the fallow ground of state court,

he is free to have this Court's ruling reviewed by the state district judge, and overturned if

successful, instead of appealing this Court's Judgment to the United States Fifth Circuit Court of

Appeals.  Again, the transcript could not be more explicit:

> THE COURT:   Well, I tell you what, I have been through these pleadings and far
> be it for me to find anything in here that is a colorable federal claim, and I know
> there were some words spoken on the record in front of [state district] Judge Wicker,
> which is how the case ultimately wound up here, but I am going to grant summary
> judgment on all of the federal claims in this case.  I'll dismiss those with prejudice.
>
> I'm also going to grant summary judgment on all of the state law claims with the

exception of the claim to review corporate records, which I think is asserted under the statute, state statute, whatever type of shareholders derivative action might exist, and again that one seems to be somewhat flimsy at this point, and a breach of fiduciary duty claim, which I think goes hand in hand with the shareholders derivative. Those would appear to me to be rather tenuous claims, but I think those are state court claims.

\*   \*   \*

Now, my suggestion would be, of course, it's out of my hands once I remand it, but my suggestion would be to go ahead and get your trial date there if you've already done discovery, Mr. Tobias. You know, there is so much stuff in here that's of no consequence. I have to tell you, I spent a lot of time reading and trying to ferret out what exactly is going on here and that's what I've got left is the records review, which is sort of an ongoing process. This derivative suit and this breach of fiduciary duty are hanging on a slender reed, as I see it. And that's going to be the case whether they're in state court or here in federal court.

MR. TOBIAS:   Your Honor, are you also remanding the contract claim and the Shareholders Agreement, or are you deciding them? Because my motion for partial summary judgment is clearly a state law claim under federal - - under, well, Louisiana and Florida Law, and I think Florida Law applies, and I agree that Florida Law applies, but I brought a partial motion for summary judgment, and I haven't heard that addressed on that issue of the Shareholders Agreement?[7]

THE COURT:   I am going to deny your motion.

\*   \*   \*

THE COURT:  **I'm telling you the only three things I see here that are in dispute based on what's been filed here is this records review, the shareholders derivative, and this breach of fiduciary duty claim.**

MR. TOBIAS:  And the statute under Shareholders Agreement which pertains to the marital settlement agreement doesn't require that the corporation be parties to the - - their only defenses, the parties are not parties to the agreement.

---

[7]Ironically, though he now argues that this Court lost jurisdiction when he orally moved to remand earlier on this transcript, Darr's attorney nonetheless sought a ruling on his motion at this later juncture of the hearing.

> THE COURT:  I understand that's the argument that you made, and like I said I read
> through your papers and I understand that.  I think that's ripe for summary judgment,
> and I'm going to grant the summary judgment on that claim as well.  **Save these
> three claims, I'm going to grant summary judgment on the federal claims as
> well as the other state law claims, including the breach of contract claims.**
> [emphasis added]

May 17, 2006 Transcript, at pp. 12-15.  The Court signed a Judgment accordingly on August 30,

2006, which Judgment was entered on August 31, 2006.

### B.    Plaintiff's Florida State Law Claim

Darr further contends that "the Court either applied the wrong law or did not consider the

facts of this case on the State law issues as have been developed in this case to date."  Memorandum

in Support, p. 3.  Darr claims that, as a result of a marital settlement agreement between him and

defendant Donna Penney, he was entitled to be paid a salary by certain of the companies they jointly

own.[8]  Darr contends that his marital settlement, apparently set forth in a judgment in Florida State

Court, constitutes a shareholders agreement which is binding on the corporations, and thus he should

be paid his salary, despite his employment having been terminated.  In attempting to express his

contentions in detail, Darr states that "while some of the State Law issues are complicated and will

take several more pages to brief, this is bare outline of the State Law Claims that Plaintiff brought

that the Federal Court dismissed in violence to the State Law..."  Memorandum in Support, p. 5.

The undersigned fully reviewed the supporting jurisprudence offered by the movant herein,

as well as by the defendants who sought summary judgment.  It seems clear that, although a

provision was inserted into a judgment entered in Florida state court as a result of the settlement of

---

[8]It is undisputed that Ms. Penney owns 55% of the stock in the corporate entities; and it further
undisputed that Mr. Darr owns 45% of the stock in the corporate entities.

these marital issues, that agreement can be enforced via the appropriate motion in Florida state court

against Donna Penney, his former spouse.[9] Section 6 of the Marital Settlement Agreement states:

"The parties shall continue to jointly own said businesses and shall operate said businesses as they

have done in the past.  Furthermore, the parties' salaries shall remain equal."  The Court notes that

Mr. Darr and Ms. Penney still jointly own the businesses, 55%-45%, and that Mr. Darr has asserted

a shareholder's derivative action claiming that the businesses have not been operated properly. As

to salaries, the Court has noted (and it is undisputed) that the corporate entities are not parties to this

agreement.  It is clear that Mr. Darr was employed at will by the corporate entities, as no period of time was

specified nor was a particular employment contract between Mr. Darr and either corporate entity cited by the

parties.  Section 6 of the Marital Settlement Agreement does not obligate the corporate entities to do

anything.  Hence, except for possible enforcement of the agreement by the Florida state court against Ms.

Penney, the claims Darr asserts in this action, allegedly arising from the Florida state court judgment, in this

action are ripe for summary judgment.


### C.      The Injunction Entered Under Docket No. 06-3415

Following this Court's ruling on May 17, 2006, counsel for Darr returned to state court and

filed a "Motion for Rehearing and Incorporated Memorandum of Fact and Law" into the state court

record, and fixed such motion for hearing on September 8, 2006.  This motion arises from Darr's

afore-described erroneous belief that the entire matter, including those claims which have already

---

[9]Darr has asserted his shareholder's derivative action and breach of fiduciary duty claim herein, which claims have been remanded to state court; the Court has no evidence before it that he has sought to enforce the Florida marital settlement agreement and judgment against Mr. Penney, his former spouse, in Florida state court.

been decided by this Court, was remanded to the 24th Judicial District Court, and his further belief that the undersigned was in error in granting the previous summary judgment on May 17, 2006. Thus, Darr's counsel sought to revisit the dismissal of state law claims which were deemed ripe for summary judgment by the undersigned such that they could be reviewed by the state district court judge, in hope that the state judge would disagree with the Federal Court's holding, thus breathing life into claims which were the subject of adjudication by the undersigned.

On June 29, 2006, upon receiving Darr's state court motion, defendants Marine Electronic Solutions, Inc., M.E.S. Installations, Inc., Donna Penney, and Clay Mazyck, now assuming the position of plaintiffs, instituted Civil Action No. 06-3415 against David Darr, now named as a defendant, seeking injunctive relief against David Darr from re-litigating in state court those claims which were the subject of the ruling by this Court in Civil Action No. 05-0730.  At the hearing on August 16, 2006, the undersigned carefully and explicitly set forth, with precision, the rulings of the May 17, 2006 hearing, and the net results, i.e. the remanding to state court of three and only three claims, as described hereinabove.  Following colloquy on the record, this Court determined it to be in the best interest of the parties, and in the interest of advancing this litigation to enter the requested injunctive relief.[10]

---

[10]The undersigned stated:

> I would like to get it at the earlier part of this case.  This needs to end somewhere whether it ends in the U.S. Fifth Circuit, the Supreme Court, or the State Fifth Circuit or the State Supreme Court this needs to end somewhere.  And what I intend to do, I think the best package for me to put together so that I can be reviewed by three judges who are wiser than I is to put together a judgment on what I decided on the merits.
>
> I will go ahead now, I will grant the injunction since you've pledged to go ahead and continue without date, the net effect is the same, I'll go ahead and grant the injunction, then the Fifth Circuit, U.S. Fifth Circuit will have it all before it to

Having reviewed Darr's submission, as well as the relevant authorities under 28 U.S.C. §2283 and *In Re Corrugated Containers Antitrust Litigation*, 659 F.2d 1332 (5th Cir. 1981), the Court sees no reason to reconsider or amend its judgment of August 31, 2006.

## CONCLUSION

For the foregoing reasons, the motion of plaintiff, David Darr, for rehearing as to the Judgments entered on August 30, 2006 in both of the above-cited docket numbers be and are hereby **DENIED**.

New Orleans, Louisiana, this __25th__ day of October, 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

sort out. They will either tell me I did the right thing, in which case you will be in state court with the three claims that I sent back to state court, or they will tell me that somewhere along the line I did the wrong thing and they will tell me precisely how I did the wrong thing and we will go from there, either in state court or from here.

They may well send the thing back to me to litigate further or they may send the thing back to me and tell me to remand some or some part of it or something that we are not thinking about right now. But I think that's the prudent thing to do is get this thing into a package where it can be decided once and for all and I can be told, and you all can be told whether Judge Engelhardt screwed it up royally or whether he did the right thing and he [Darr] can continue to litigate the remaining three matters.

I think it's in the interest of the parties to get this thing resolved one way or the other. One of you two is going to prevail at the end of all of this, and I am hoping that will be in the near future rather than a decade from now. So my goal is to try to streamline the decisions I've made. They can be reviewed and, like I said, I'm sure you'll put together a brief that the Fifth Circuit will consider and do with what they will.

August 16, 2006 transcript p. 23 line 6 through p. 24, line 11.